UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHAEL GLEN FLOYD | ) | |
| *AKA FIVE TREES* | ) | |
| *AKA CHIEF OF THE EEL RIVER* | ) | |
| *TRIBE OF INDIANA*, | ) | |
| | ) | Civil Action No. 1:21-cv-02705 (UNA) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STATE OF INDIANA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint ("Compl."), ECF No. 1, and application for leave to proceed *in forma pauperis*, ECF No. 2. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, and *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

Plaintiff, a resident of West Lafayette, Louisiana, sues the State of Indiana, the State of New Mexico, the Miami Nation of Indians, the Eiteljorg Museum of American Indian and Western Art, Jack Floyd, Jr., (FKA Jack Ness), Gary Peterson, and Hessel E. Yntema III. He has filed a 60-page single-spaced prolix complaint, in very small font, containing rambling unnumbered paragraphs. The complaint is mostly incomprehensible and fails to comply with Federal Rule 10(b) and D.C. Local Civil Rule ("LCvR") 5.1(d). In addition, plaintiff has filed a motion for hearing, ECF No. 3, a motion for issuance of writ of mandamus, ECF No. 4, and a "schedule of

requested information," ECF No. 5, all of which are equally impossible to follow, and also fail to comply with Federal Rule 10(a)–(b), and LCvR 5.1(d).

Most notably, the complaint fails to meet the minimum pleading standard set forth in Rule 8(a). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

The digressive allegations comprising the complaint fail to provide adequate notice of a claim to defendants or this court. The intended claims and causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's subject matter jurisdiction or venue, the ability to exercise personal jurisdiction over these defendants, or any valid basis for relief.

Therefore, the court dismisses the complaint pursuant to Federal Rule 8(a) and 28 U.S.C. § 1915(e)(2)(B)(ii) and denies plaintiff's motion for hearing and motion for writ of mandamus as moot. An order consistent with this memorandum opinion is issued separately.

DATE: November 12, 2021

                                                _____ s/s_____
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge